**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, : : : | |
| Plaintiff, : | CIVIL ACTION NOS. |
| v. : : | 1:07-CV-2864-RWS 1:07-CV-2865-RWS |
| TYRONE WILLIAMS, : : | |
| Defendant. : | |

**ORDER[1]**

These cases come before the Court for purposes of frivolity review pursuant to 28 U.S.C. § 1915(e)(2). After considering the entire record, the Court enters the following Order.

**Background**

Plaintiff Federal Home Loan Mortgage Corporation initiated summary dispossessory proceedings in the Magistrate Court of Fulton County, Georgia, alleging that Defendant is a tenant at sufferance after certain property was sold

---

[1] The docket reflects that duplicate actions were filed respecting the subject matter of this suit in Case No. 1:07-CV-2864-RWS and Case No. 1:07-CV-2865-RWS. This Order is entered in both actions.

in foreclosure. Defendant, proceeding pro se, removed the action to this Court and sought leave to proceed *in forma pauperis*. (See Affidavit in Supp. of Request to Proceed IFP [1].) By order entered November 19, 2007, United States Magistrate Judge Susan S. Cole granted Defendant leave to proceed *in forma pauperis*, and submitted the action to this Court for purposes of frivolity review pursuant to 28 U.S.C. § 1915(e)(2). The Court turns now to consider whether this action is frivolous.

## I.     Standard for Dismissal

Pursuant to § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Where a court lacks jurisdiction to hear an action, the claim is

considered frivolous.  See Humphries v. Various Fed. USINS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

Similarly, Federal Rule of Civil Procedure 12 provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).  The Eleventh Circuit has held that when the district court lacks subject-matter jurisdiction, it should dismiss the action sua sponte, if necessary, rather than proceed to judgment on the merits.  See Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

**II.    Jurisdiction**

Civil actions brought in the state courts may be removed if the action falls within the original jurisdiction of the federal courts.  28 U.S.C. § 1441(a). In the absence of an express grant of statutory jurisdiction, original jurisdiction may be predicated upon the presence of a federal question pursuant to 28 U.S.C. § 1331, or diversity of citizenship pursuant to 28 U.S.C. § 1332.  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Neither a federal question or diversity of citizenship supports jurisdiction here.

### A.     Federal Question Jurisdiction

Federal courts have original jurisdiction over all civil actions arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. In this case, Defendant alleges in his Answer and Notice of Removal that this Court has federal question jurisdiction, apparently based upon her assertion of numerous federal counterclaims. These counterclaims, however, do not establish federal question jurisdiction. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)." Holmes Group, Inc., v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 & n.2, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002). The " 'well-pleaded complaint rule' provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). If the plaintiff does not raise a federal question in his or her complaint, "it is no substitute that the defendant is almost certain to raise a federal defense." Pan Am. Petroleum Corp. v. Superior Court of Delaware, 366 U.S. 656, 663, 81 S. Ct. 1303, 1307,

6 L. Ed. 2d 584 (1961). Similarly, a counterclaim, which appears in a defendant's answer, and not as part of the plaintiff's complaint, cannot support removal based upon federal question jurisdiction. Holmes Group, 535 U.S. at 831. Plaintiff's Complaint in this case does not present a federal question. Consequently, this Court does not have federal question jurisdiction over this action and removal on this basis is improper.

### B.    Diversity Jurisdiction

Diversity jurisdiction exists where the suit is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A defendant seeking to remove a civil action from a state court must file a notice of removal in the United States district court for the district and division within which such action is pending, containing a short and plain statement of the grounds for removal and a copy of all process, pleadings, and orders served upon it relating to the underlying action. 28 U.S.C. § 1446(a). The removing defendant bears the burden of establishing that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

5

In this case, Defendant has failed to demonstrate that either there is diversity of citizenship between him and Defendant or that the amount in controversy in this matter exceeds $75,000.00.  As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.  See Novastar Mortgage, Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001) (holding on nearly identical facts that claim for ejectment in summary dispossessory proceeding after foreclosure sale cannot satisfy the amount in controversy requirement as a matter of law).  Accordingly, 28 U.S.C. § 1332 cannot serve as a basis for removal.

In sum, Defendant, as the removing party, bears the burden of establishing federal jurisdiction, and he has failed to carry that burden.  No federal question is present on the face of Plaintiff's Complaint, and the requirements for diversity jurisdiction are not satisfied.  The Court therefore concludes that it lacks subject matter jurisdiction and that this action is frivolous.

AO 72A
(Rev.8/82)

## Conclusion

These actions, Case No. 1:07-CV-2864-RWS and Case No. 1:07-CV-2865-RWS, are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2), or in the alternative, Federal Rule of Civil Procedure 12(h)(3) based upon lack of subject matter jurisdiction.  Therefore, pursuant to 28 U.S.C. § 1447c), these actions are hereby **REMANDED** to the Magistrate Court of Fulton County, Georgia, such that the actions may proceed in that forum.

        **SO ORDERED** this __8th__ day of January, 2008.

                                            _____
                                            RICHARD W. STORY
                                            UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)